UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RUDELLE BRATHWAITE,

                              Plaintiff,               Civil Action No.

                  -against-                COMPLAINT

MARTINI COLLECTIONS INC., MARTINI COLLECTIONS
#1 INC., and DAOUD ALCHKIFATI A/K/A "DAVID",

                            Defendants.
------------------------------------------------------------------------X

        Plaintiff Rudelle Brathwaite, by her attorneys, Katz Melinger PLLC, complaining of the

defendants, Martini Collections Inc. ("Martini Collections"), Martini Collections #1 Inc. ("Martini

#1")  and Daoud Alchkifati a/k/a "David" ("Alchkifati") (collectively, "Defendants"), respectfully

alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

        1.      This is an action seeking equitable and legal relief for Defendants' violations of the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"); New York

Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"); and 12 N.Y.C.R.R. §§ 146-1.6.

        2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action

arising under the FLSA.

        3.      This Court has supplemental jurisdiction over the claims arising under New York

state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related

to Plaintiff's federal claims as to form the same case or controversy under Article III of the United

States Constitution.

        4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part

of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through its employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff is an individual residing in the State of New York.

6.      At all relevant times, Plaintiff was employed by Defendants.

7.      While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.      At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

9.      Martini Collections and Martini #1 (together "Corporate Defendants") were/are domestic corporations with their principal places of business located at 240 West 37th Street, New York, New York 10018.

10.     Corporate Defendants operated as a single store selling women's clothing and other fashion merchandise.

11.     Upon information and belief, Alchkifati is an individual residing in the State of New York.

12.     At all relevant times, Alchkifati was and remains a member, manager, owner, and/or person in control of Corporate Defendants who exercises significant control over the companies' operations and has the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rates and methods of payment for employees, and maintain employment records.

13.     At all relevant times, Defendants were responsible for setting Plaintiff's schedules, determining her day-to-day activities, and supervising her performance.

14.     At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

15.     At all relevant times, Defendants were responsible for compensating Plaintiff.

16.     Defendants exercised sufficient control over Plaintiff's day-to-day operations to be considered her employers for the purposes of the FLSA and NYLL.

17.     Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

18.     Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

19.     Defendants operate in interstate commerce.

20.     Defendants are subject to suit under the statutes alleged above.

### IV. Factual Allegations

21.     Plaintiff worked for Defendants as a sales associate from in or around 2005 until on or around March 2020.

22.     As a sales associate, Plaintiff's job duties included, *inter alia*, helping customers in the store, maintaining stock inventory, and handling the cash register.

23.     From the start of her employment until in or December 2015, Plaintiff regularly worked six (6) days per week, as follows: Mondays through Fridays from approximately 9:00 a.m. until 7:00 p.m., and Saturdays from approximately 9:00 a.m. until 8:00 p.m., for a total of approximately sixty-one (61) hours per week.

24.     From in or around January 2016 until the end of her employment, for approximately half of each year  Plaintiff regularly worked five (5) days per week, as follows: Mondays through

Fridays from approximately 10:00 a.m. to approximately 6:00 p.m., for a total of approximately forty (40) hours worked per week.

25.     During the busy season, which was from April through July, and September through October, Plaintiff regularly worked six (6) days per week, as follows: Mondays through Fridays from approximately 10:00 a.m. to approximately 6:00 p.m. and Saturdays from approximately 10:00 a.m. to approximately 6:00 p.m., for a total of approximately forty-eight (48) hours worked per week.

26.     Prior to March 2020, Defendants did not track or otherwise record the hours Plaintiff worked.

27.     Throughout her employment with Defendants, Plaintiff was not afforded meal or rest breaks during her shifts.

28.     From in or around March 2011 until in or around December 31, 2016, Defendants compensated Plaintiff at a fixed daily rate of $80.00 per day for all hours worked per week, including all hours worked in excess of forty (40) per week.

29.     From in or around January 1, 2017 until on or around March 2020, Defendants compensated Plaintiff at a fixed daily rate of $110.00 per day for all hours worked each week, including all hours worked in excess of forty (40) per week.

30.     Plaintiff was a non-exempt employee under the FLSA and the NYLL, and was entitled to compensation for all hours worked, including her regular hourly rate or the applicable minimum wage, whichever is greater, for all hours worked below forty (40) per week; and overtime compensation for all hours worked in excess of forty (40) per week.

31.     Although Plaintiff regularly worked more than forty (40) hours per week during her employment with Defendants, Defendants failed to compensate Plaintiff with the proper

minimum wages for all hours worked and overtime wages at a rate of one and one-half (1.5) times her regular hourly rate or the statutory minimum wage, whichever is higher, for every hour worked in excess of forty (40) per week.

32.      Defendants also failed to furnish Plaintiff with a payroll notice at the time of her hire, or at any time thereafter, containing allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address, if different; the telephone number of the employer or any other information required by NYLL § 195 (1).

33.      Defendants further failed to furnish Plaintiff with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the accurate number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

34.      Defendants violated federal and state law by willfully failing to pay Plaintiff the applicable minimum wages for all hours worked and overtime wages for all hours worked in excess of forty (40) per week; and by failing to provide Plaintiff with the wage statements and payroll notices required by the NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

35.      Plaintiff, repeats and realleges all prior allegations set forth above.

36.      Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

37.      Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

38.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

39.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

40.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

41.     Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of her unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations under the NYLL)*

42.     Plaintiff repeats and realleges all prior allegations set forth above.

43.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times her regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

44.     Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

45.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times her regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) per week.

46.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

47.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

48.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
*(Minimum Wages Violations under the NYLL)*

49.     Plaintiff repeats and realleges all prior allegations set forth above.

50.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

51.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wage for all of the hours worked.

52.      As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

53.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff ais entitled to liquidated damages.

54.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
### *(Failure to Timely Pay Wages under the NYLL)*

55.     Plaintiff repeats and realleges all prior allegations set forth above.

56.      Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid her earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

57.     During the relevant period, Defendants routinely failed to pay Plaintiff all of her earned wages in accordance with the agreed-upon terms of employment.

58.     During the relevant period, Defendants failed to timely pay Plaintiff all of her earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

59.     Throughout the relevant period, Defendants failed to pay Plaintiff all minimum wages, overtime wages, and spread of hours wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

60.     As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

61.     As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

62.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (*Failure to Provide Payroll Notices Under the NYLL*)

63.     Plaintiff repeats and realleges all prior allegations set forth above.

64.     Defendants failed to furnish to Plaintiff, at the time of hire or at any time thereafter, notices containing the rate or rates of pay and basis thereof; allowances, if any claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address if different; the telephone number of the employer or any other information required by NYLL § 195(1).

65.     As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, and all reasonable attorneys' fees and costs.

66.     Judgement should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (*Failure to Provide Wage Statements under the NYLL*)

67.     Plaintiff repeats and realleges all prior allegations set forth above.

68.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: Plaintiff's regular and overtime rates of pay; the accurate number of regular and overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

69.     As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for

every day in which the violation occurred, up to a maximum of $5,000.00, and all reasonable attorneys' fees and costs.

70.     Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff prays for relief as follows:

a)      on the First Cause of Action on behalf of Plaintiff for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b)      on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c)      on the Third Cause of Action for all minimum wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d)      on the Fourth Cause of Action for all wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

e)      on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f)      on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

g)      interest;

h)      costs and disbursements; and

    i)       such other and further relief as is just and proper.

Dated: New York, New York
         June 13, 2022

                        KATZ MELINGER PLLC

                        *By: /s/ Eliseo Cabrera*
                        Eliseo Cabrera, Esq.
                        370 Lexington Avenue, Suite 1512
                        New York, New York 10017
                        t: (212) 460-0047
                        f: (212) 428-6811
                        edcabrera@katzmelinger.com
                        *Attorneys for Plaintiff*