UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUDELLE BRATHWAITE,<br><br>       Plaintiff,<br><br>    v.<br><br>MARTINI COLLECTIONS,<br><br>       Defendant. | 22 Civ. 4929 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

  Before the Court in this Fair Labor Standards Act suit is Plaintiff Rudelle Brathwaite's unopposed motion for sanctions. *See* ECF No. 61. For the reasons discussed herein, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**, without prejudice to renewal.

## BACKGROUND

  The Court assumes familiarity with the background facts of this case. It therefore discusses only the procedural history relevant to the motion before it.

  Plaintiff Rudelle Brathwaite filed suit on June 13, 2022. *See* ECF No. 1. On August 26, 2022, Plaintiff filed proposed certificates of default as to each named Defendant. *See* ECF Nos. 14-16. On August 29, 2022, the Clerk of Court issued the three certificates of default. *See* ECF Nos. 18-20.

  On September 20, 2022, Defendants' counsel of record filed a notice of appearance in this case. *See* ECF No. 28.[1] On October 19, 2022, Defendants filed an answer. *See* ECF No. 35.

---

[1] Attorney Deborah R. Kick additionally filed a notice of appearance on December 6, 2023, but withdrew from the case on December 18, 2023. *See* ECF Nos. 51, 55-56.

On June 25 or 26, 2023, Plaintiff served her first set of interrogatories and requests for production. *See* ECF Nos. 47 at 1, 58 n.1. On August 4, 2023, the Court granted the parties' request for an extension of the deadline for Defendants to serve their responses to Plaintiff's discovery requests, and extended the deadline to complete fact discovery to November 17, 2023. *See* ECF No. 44.[2]

On October 24, 2023, Defendants provided initial disclosures that had been due in April 2023, but did not provide responses to Plaintiff's discovery requests. *See* ECF No. 46. Following a meet and confer, Defendants agreed to provide the responses by October 25, 2023. *See id*. Defendants once again failed to provide responses, and on November 5, 2023, Plaintiff requested a pre-motion conference. *See id.* Defendants did not file a letter in opposition to Plaintiff's request.

On November 13, 2023, the Court, construing Plaintiff's letter as an unopposed motion to compel discovery, granted Plaintiff's request and ordered Defendants to serve their responses to Plaintiff's first set of discovery requests by November 17, 2023. *See* ECF No. 47. On November 17, 2023, Defendants submitted written responses (which Plaintiff contends are insufficient) but did not produce any responsive documents, despite referring to Bates-stamped documents within their responses. *See* ECF No. 58 at 1-2.

On December 6, 2023, Defendants filed a letter seeking a thirty-day extension to discovery deadlines, given "staff shortages, technology complications, staff illness, as well as staff personal matters." *See* ECF No. 52. The Court granted the extension the same day. *See* ECF No. 53.

---

[2] The case was reassigned to the undersigned on October 18, 2023. *See* Oct. 18, 2023, Min. Entry.

On January 5, 2024, Plaintiff sought an additional extension to the discovery deadline, in order to "issu[e] deficiency letters to Defendants regarding their inadequate responses and conduct[] necessary depositions." ECF No. 57. On January 8, 2024, the Court ordered Defendants to file a response to Plaintiff's letter by January 10, 2024. *See* ECF No. 58. Defendants did not file a response. Accordingly, the Court construed Plaintiff's letter as unopposed, ordered Defendants to fully comply with Plaintiff's requests by February 9, 2024, and extended the discovery deadline to March 1, 2024. *See* ECF No. 59. The Court further ordered the parties to appear remotely before the Court on March 28, 2024, for a post-discovery conference. *See* ECF No. 60.

On February 12, 2024, Plaintiff filed a motion for sanctions against Defendants. *See* ECF No. 61. Plaintiff represents that Defendants have failed to comply with discovery obligations since at least January 19, 2024. *See* Cabrera Decl. ¶ 3, ECF No. 62. Plaintiff attempted to contact Defendants six times, via email and phone, between January 25, 2024, and February 8, 2024. *See id.* ¶¶ 4-5. Defendants never responded. *See id.* Plaintiff additionally attempted to serve a notice of deposition on Defendants on February 2, 2024. *See id.* ¶ 6. Defendants neither responded nor appeared for a deposition. *Id.* The last time Plaintiff was able to reach Defendants' counsel was on December 7, 2023. *See id.* ¶ 7.[3]

Defendants did not appear at the March 28 post-discovery conference. *See* ECF No. 64. On March 28, 2024, the Court ordered counsel for Defendants to appear to show cause why sanctions should not be issued against him. *See id.* Counsel for Defendants did not appear before the Court, and his deadline to oppose Plaintiff's motion for sanctions has long passed.

---

[3] Plaintiff listed this date as December 7, 2024. The Court assumes the year was listed in error.

3

*See* Local R. 6.1(b) (noting that parties have fourteen days to respond to a motion). The motion for sanctions is therefore unopposed.

## LEGAL STANDARDS

Rule 37(b)(2)[4] provides that if a party fails to obey an order to provide discovery, the court may issue "just" orders including the following:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> . . .
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

"[T]he text of the rule requires only that the district court's orders be 'just,'" and district courts have "wide discretion in imposing sanctions under Rule 37." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). "The district court is free to consider the full record in the case in order to select the appropriate sanction." *Id*. While entering a default judgment against a party is an extreme measure, it may be ordered after the court has considered factors such as "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S.E.C. v. Razmilovic*, 738 F.3d 14, 24-25 (2d Cir. 2013).

---

[4] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

## DISCUSSION

It is axiomatic that all parties "have an obligation to comply with court orders, and failure to comply may result in sanctions." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). Defendants have repeatedly failed to comply with their discovery obligations in this case. *See* Cabrera Decl. ¶¶ 3, 6 (stating that Defendants have never provided Plaintiff with full and complete responses to Plaintiff's interrogatories and requests for production, and Defendants have neither responded to Plaintiff's notice of deposition nor appeared for a deposition); *see also* ECF No. 64 (noting that Defendants failed to appear for a post-discovery conference). Defendants have additionally defied two orders to appear before the Court for scheduled conferences. *See* ECF Nos. 60, 64. The last time Plaintiff heard from Defendants was on December 7, 2023. *See* Cabrera Decl. ¶ 7. The last time Defendants filed any document on ECF was on December 14, 2023, when former counsel Deborah R. Kick filed a motion to withdraw from the case. *See* ECF No. 54. Given Defendants' non-compliance with discovery obligations and with the Court's orders for six months, the Court determines that imposing sanctions is warranted at this time.

The Court next considers what form of sanctions is appropriate. Plaintiff primarily requests that the Court strike Defendants' answer and enter a default judgment against Defendants. *See* ECF No. 61; *see generally* Mem. of L. in Supp. of Pl.'s Mot. for Sanctions ("Pl.'s Br."), ECF No. 63. Courts within this Circuit have concluded that where, as here, a defendant repeatedly fails to comply with discovery orders, the court may strike the defendant's answer. *See, e.g.*, *Lopez v. J & K Floral USA, Inc.*, 307 F. Supp. 3d 257, 259 (S.D.N.Y. 2018) (striking the defendants' answer, "[g]iven Defendants' past and repeated disregard of discovery requests and this Court's orders"); *Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17 Civ. 2288, 2021 WL 7908045, at *1 (E.D.N.Y. Dec. 14, 2021) (recommending that the defendant's answer

5

be stricken, given continued non-compliance with the Court's orders, *report and recommendation adopted sub nom. Wilmington Sav. Fund Soc'y, FSB as trustee for Carlsbad Funding Mortg. Tr. v. White*, No. 17 Civ. 2288, 2022 WL 1422452 (E.D.N.Y. Jan. 19, 2022). Given Defendants' documented history of non-compliance discussed *supra*, the Court strikes Defendants' answer here.

The Court does not, however, thereby enter default judgment against Defendants. Courts have found it appropriate to issue the extreme remedy of default judgment where Defendants were expressly warned that "noncompliance [with court orders and discovery obligations] might result in default judgment being entered against them." *Flores v. Boro Concrete Corp.*, No. 21 Civ. 5006, 2022 WL 17551851, at *3 (S.D.N.Y. Dec. 9, 2022); *see also Buck v. CompleteLaw-Web, LLC*, No. 16 Civ. 402, 2017 WL 3206537, at *2 (E.D.N.Y. Mar. 3, 2017) (noting that the defaulting party had "been explicitly warned of the consequences of noncompliance"); *Liberty Mut. Ins. Co. v. Horizon Coach, Inc.*, No. 07 Civ. 1477, 2008 WL 11449084, at *1 (E.D.N.Y. May 27, 2008) (entering "the drastic remedy" of entering default judgment where "defendants were adequately warned of the possibility of dire results for their continued failures"). The Court again notes that it goes without saying that all litigants "have an obligation to comply with court orders, and failure to comply may result in sanctions." *Agiwal*, 555 F.3d at 302. Nonetheless, because the Court had not expressly warned Defendants that default judgment could be entered against them, the Court within its discretion will allow Defendants one final opportunity to engage in this litigation, as further instructed below. Defendants are advised that continued noncompliance with the Court's orders may result in further sanctions, including and apart from entry of default judgment.

6

## CONCLUSION

For the reasons discussed herein, Plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**, without prejudice to renewal.  Specifically:

Plaintiff's motion is granted only to the extent it seeks to strike Defendants' answer.

Plaintiff may file a renewed motion for default judgment by **July 8, 2024**.  In any renewed motion for default judgment, Plaintiff shall (1) explain how the allegations in Plaintiff's complaint state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 66 (2nd Cir. 1981), and (2) otherwise comply fully with the Court's requirements.  *See* Individual Rule 4(h) (providing instructions for, *inter alia*, an affidavit that must be submitted with a movant's motion for default judgment).

Assuming Plaintiff timely renews her motion, Defendants are ordered to file an opposition by **July 15, 2024**.  Plaintiff's reply (if any) shall be due by **July 22, 2024**.  Defendants are ordered to show cause on **July 25, 2024, at 12:00 p.m. (E.T.)** why default judgment should not issue against them.  Defendants are ordered to dial 646-453-4442, enter the meeting code 422737976, and press pound (#).  If Defendants appear before the Court on that date, Plaintiff may renew her motion to preclude Defendants' discovery responses and documents from trial.  *See* Pl.'s Br. 4.

Plaintiff shall electronically serve a copy of this Order on Defendants **within two business days from the date of this Order** and shall file proof of such service **within three business days of the date of this Order.**

The Clerk of Court is directed to terminate ECF No. 61.

SO ORDERED.

Dated: July 1, 2024
      New York, New York

                                               DALE E. HO
                                  United States District Judge